# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C.O. SHAW,<br><br>　　　　Defendant. | Case No. 1:13-cv-00042-DLB PC<br><br>**FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Timothy Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 3, 2013, which is presently before the Court for screening. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

1

U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Complaint**

Plaintiff is incarcerated at California State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names correctional officer Shaw, nurse Tally,[1] correctional officer Remotigoe, and the medical department of C-yard in CSP as defendants in this action.

Plaintiff alleges the following. On August 23, 2011, Plaintiff went "man down" for chest pains. Defendant Shaw waited fifteen to twenty minutes to push his alarm. Upon arriving at the C-yard clinic, Plaintiff refused to allow Defendant Tally to touch him because of her past treatment of placing Plaintiff's health and safety in jeopardy. Plaintiff was pushed in a gurney and placed to the side next to a wall for twenty to thirty minutes. During this time, three nurses and doctors remained inside the clinic. Plaintiff was denied medical treatment while he had chest pains, dizziness, and his left side went numb. Medical staff told Plaintiff to "level" the clinic after the feeling came back in his arm and legs. Defendant Remotigoe denied Plaintiff access to the clinic because Plaintiff reported Defendant Tally's previous misconduct. On August 27, 2011, Defendant Remotigoe also filed a false report against Plaintiff in retaliation for reporting nurse Tally.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference and a First Amendment claim for retaliation. Plaintiff requests compensatory and punitive damages as relief.

**III.    Analysis**

   **A.     Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

---

[1] It appears that Plaintiff spells this defendant's name in two different ways: "Tally" and "Talley." For consistency, the Court will refer to this defendant as "Tally."

doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, the Court finds that Plaintiff fails to states a cognizable claim for relief against any defendants for deliberate indifference to a serious medical need, in violation of the Eighth Amendment. Plaintiff makes no allegations which demonstrate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Although Plaintiff alleges that it took fifteen to twenty for Defendant Shaw to push his alarm, Plaintiff fails to allege specific facts showing how he was aware of Plaintiff's need for medical attention. The Court will grant Plaintiff leave to amend his complaint to cure these deficiencies.

**B.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);

*accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

The Court finds that Plaintiff's allegations are insufficient to state a claim against any defendants for retaliation, in violation of the First Amendment. Plaintiff makes only conclusory statements that defendants retaliated against him and fails to state any facts with specificity. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court will grant Plaintiff leave to amend in order to cure these deficiencies.

## IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 8, 2013**                              /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE