# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>C/O SHAW, et al.,<br><br>            Defendants. | ) 1:13-cv-00042 DLB PC<br>)<br>) ORDER REQUIRING PLAINTIFF TO<br>) EITHER FILE AMENDED COMPLAINT OR<br>) NOTIFY COURT OF WILLINGNESS TO<br>) PROCEED ONLY ON COGNIZABLE<br>) CLAIMS<br>)<br>) THIRTY-DAY DEADLINE<br>) |

Plaintiff Timothy Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on January 3, 2013. On October 9, 2013, the Court screened Plaintiff's complaint and found the complaint failed to state a cognizable claim. The Court dismissed the complaint and granted Plaintiff leave to file an amended complaint.

On October 23, 2013, Plaintiff filed his First Amended Complaint ("FAC"). He names Correctional Officers Shaw and Remotigoe, and Nurse Tally as Defendants.

**A.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B. **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California State Prison in Corcoran, California, where the events giving rise to this action occurred.

Plaintiff alleges the following. Plaintiff states he is a high risk patient who suffers from hypokinesia with a left ventricular hypertrophy. He states his heart only operates at a 40% capacity which requires him to take nitroglycerin pills. He further states he is in the Mental Health Service Delivery System.

On August 23, 2011, while in his cell at California State Prison, Corcoran, Plaintiff started calling for the floor officers to notify them that he was under duress and having chest pains due to his underlying heart condition. Plaintiff states that a few minutes after he called out for help, Correctional Officer Shaw came to his cell and stated, "What is it now, Johnson?" Plaintiff responded, "I'm having chest pains; I have heart problems," whereupon Plaintiff took his second nitroglycerin pill. Plaintiff informed Defendant Shaw that he needed help, that he was only supposed to take one pill every five minutes as needed for a maximum of three pills. Plaintiff states Defendant Shaw did not activate his emergency response button for approximately 15 to 20 more minutes. Plaintiff alleges Defendant Shaw deliberately, intentionally and maliciously waited to call for medical assistance, which in turn caused Plaintiff unnecessary pain.

After medical assistance was summoned, Plaintiff was taken to the medical clinic. Once at the medical clinic, Nurse Tally came to Plaintiff's aid. However, Plaintiff refused medical assistance. Plaintiff demanded to be seen by another nurse or doctor, because he feared for his safety based on his prior dealings with Nurse Tally. Nurse Tally then directed personnel to place Plaintiff on his gurney against the wall where he waited for another 20 to 30 minutes. Plaintiff states he had chest pains, dizziness and numbness to his left side. After some time, the feeling returned to his arms and legs and he was told to return to his cell.

On August 27, 2013, Plaintiff was called from his housing unit to the medical clinic for his weekly blood pressure check. As Plaintiff approached the clinic, he stopped Correctional Officer Lopez outside of the clinic and asked him who was working in the clinic that morning. After Plaintiff was informed who was working in the clinic, he notified Lopez that he wished to refuse any medical attention from any staff member who he had filed a complaint against or who he is currently in litigation against. As he was having this conversation with Lopez, Correctional Officer Remotigoe approached. Remotigoe then told Plaintiff, "Johnson, ain't nothing wrong with you. Nurse Tally told me what happened already, so stop being so dramatic and come in the clinic." Plaintiff responded that he "would rather die than to be treated and abused by these medical staff and personnel." Defendant Remotigoe responded, "You have no rights that say you can refuse or pick who you want to be treated by." Plaintiff then asked to speak to a medical supervisor, but his request was denied. Plaintiff then told Remotigoe that he was obstructing his medical care, to which Remotigoe stated, "I ain't got time for this shit! Is you coming in or not?" Plaintiff again asked for a medical supervisor but was denied. Plaintiff then advised Remotigoe that he would be filing a complaint against him, at which time Remotigoe stated, "Read my lips. You are not the only who knows how to file paperwork; I'm not Nurse Tally." Plaintiff states that Remotigoe filed a false rules violation report two days later in retaliation.

**C.      ANALYSIS**

    1.      <u>Eighth Amendment Deliberate Indifference</u>

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's

pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff contends Defendant Shaw failed to summon medical assistance with his emergency button for approximately 15 to 20 minutes while Plaintiff was undergoing chest pains. According to the complaint, Plaintiff called for help and Shaw responded. Plaintiff notified Shaw that he was having chest pains and needed help. He further states he informed Shaw that he had been directed to take one nitroglycerin pill every five minutes with a maximum of three pills for such an episode. He states he took his second pill in front of Shaw at that time. He states that approximately 15 to 20 minutes later, Shaw summoned help. The Court finds this allegation too vague to state a claim that Shaw failed to respond to a serious medical need. In addition, there is no harm alleged. Plaintiff was having an episode of chest pains, he took his medications as directed, Shaw summoned assistance, and the episode resolved while at the clinic. Therefore, the Court finds that Plaintiff fails to state an Eighth Amendment claim against Defendant Shaw.

Plaintiff contends Nurse Tally was deliberately indifferent to Plaintiff's medical needs by failing to obtain treatment for Plaintiff's complaints of chest pains. However, Plaintiff admits that Nurse Tally came to his aid but he refused. After his refusal, Plaintiff waited on his gurney and his chest pains resolved. The Court finds that Plaintiff fails to state an Eighth Amendment claim against Defendant Tally.

2.     First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's retaliation claim is based on his belief that he was retaliated against because of his legal actions and prisoner complaints involving Defendants. He alleges that Defendant Remotigoe threatened Plaintiff that he could also file paperwork when Plaintiff threatened Remotigoe with the filing of a complaint. Plaintiff contends that Remotigoe subsequently filed a false rules violation report against Plaintiff.

The Court finds that Plaintiff states a First Amendment retaliation claim against Defendant Remotigoe. He does not state a retaliation claim against any other Defendant.

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint states the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendant Remotigoe. It does not state any further claims against any other Defendants.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

**If Plaintiff chooses to amend, this will be his final opportunity.**

If Plaintiff is willing to proceed on his cognizable claim, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claims and Defendants, and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 17, 2014**              /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE